SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
FRANK DALENE and GWEN DALENE                     Index No. 622421/2019
                                                 Date Purchased: 11/12/19
                              Plaintiffs,
                                                 **SUMMONS**
         -against-
                                                 Plaintiffs designate Suffolk
ANALAR CORPORATION                               County as the place of trial. The
                                                 basis of venue designated is the
                                                 location of the real property that
                                                 is the subject matter of this
                              Defendant.         action and where the incidents
                                                 took place
------------------------------------------------------------X

THE ABOVE NAMED DEFENDANT AND EACH OF YOU:

YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action, and to serve a copy of your answer, or, if the Verified Complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of the summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: Bridgehampton, New York
       November 11, 2019

                                         MENDELSON LAW FIRM PLLC

                                         By: _____
                                             Lee J. Mendelson
                                         Attorneys for Plaintiff
                                         P.O. Box 2052
                                         Aquebogue, New York 11931
                                         (631) 296-8448

EXHIBIT A TO NOTICE OF REMOVAL
State Court Summons and Complaint

FILED: SUFFOLK COUNTY CLERK 11/12/2019 12:46 PM    INDEX NO. 622421/2019
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 11/12/2019

TO:   Analar Corporation
      41 Airpark Road
      Princeton, NJ 08540

**EXHIBIT A TO NOTICE OF REMOVAL**
**State Court Summons and Complaint**

FILED: SUFFOLK COUNTY CLERK 11/12/2019 12:46 PM
NYSCEF DOC. NO. 1

INDEX NO. 622421/2019
RECEIVED NYSCEF: 11/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
FRANK DALENE and GWEN DALENE,

                Plaintiffs,

- against -

ANALAR CORPORATION,

                Defendant.
-----------------------------------------------------------------X

Index No. 622421/2019
Date Filed: 11/12/19

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, Mendelson Law Firm PLLC, complaining of the defendant, respectfully alleges as follows:

1. At all times herein mentioned, Plaintiff, FRANK DALENE ("Plaintiff" or "F. Dalene"), is a natural person, residing in County of Suffolk, Village of Wainscott, State of New York.

2. At all times herein mentioned, Plaintiff, GWEN DALENE ("Plaintiff" or "G. Dalene"), is a natural person, residing in County of Suffolk, Village of Wainscott, State of New York (F. Dalene and G. Dalene collectively "Plaintiffs" or the "Dalenes")

3. At all times herein mentioned, Defendant, ANALAR CORPORATION, ("Defendant" or "Analar"), is a Foreign Corporation which maintains a place of business in the State of New Jersey and regularly operates a commercial enterprise out of the County of Suffolk, Town of East Hampton, State of New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4. Upon information and belief, Defendant Analar operates a commercial helicopter

2

EXHIBIT A TO NOTICE OF REMOVAL
State Court Summons and Complaint

business for the transport of passengers to and from, among other places, the East Hampton Airport.

5. Plaintiffs have resided in Wainscott for 34 years, in a home which was built by F.Dalene's own hands.

6. Plaintiffs' home is within 1.3 miles of the East Hampton Airport.

7. Beginning in 2008, in order to land at East Hampton Airport, helicopters, including those flown by Ananlar, have flown over Plaintiffs home as they prepare to land.

8. The Federal Aviation Administration and Town of East Hampton have each promulgated certain rules and regulations to ensure the safety on people and property in the operation of aircraft and helicopters.

9. During the past decade, Plaintiffs have video and photo documented over FORTY (40) instances of Defendant Analar's helicopters flying at an unsafe, reckless, dangerous and negligent altitude and in an unsafe, reckless, dangerous and negligent manner over Plaintiffs home.

10. The unsafe, reckless, dangerous and negligent operation of helicopters over Plaintiffs and other neighboring homes has become so systemic, that special committees of concerned citizens have been formed in order to deal with the issue before a tragedy occurs.

11. Flying in an unsafe, reckless, dangerous and negligent manner jeopardizes the welfare of people and property in the flight path.

12. Plaintiffs have suffered damage to their home as a result of the unsafe, reckless, dangerous and negligent operation of helicopters flying over their home.

13. Plaintiffs have suffered physically as the result of the unsafe, reckless, dangerous and negligent operation of helicopters flying over the home.

14. Plaintiffs have no adequate remedy at law.

3

EXHIBIT A TO NOTICE OF REMOVAL
State Court Summons and Complaint

FILED: SUFFOLK COUNTY CLERK 11/12/2019 12:46 PM
NYSCEF DOC. NO. 1
INDEX NO. 622421/2019
RECEIVED NYSCEF: 11/12/2019

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
(NEGLIGENCE)

15. Plaintiff repeats and realleges paragraphs numbered "1" through "14" as if more fully set forth herein.

16. Defendant Analar has repeatedly operated its helicopters in a unsafe, reckless, dangerous and negligent manner at the East Hampton Airport.

17. Specifically, on August 28, 2019, a helicopter operated by Defendant engaged in reckless and dangerous operations at the East Hampton Airport when it flew approximately 100 feet over the Airport's terminal building.

18. Upon information and belief, Defendant Analar acknowledged that their pilot had conducted reckless and unsafe operations.

19. On August 31, 2019, a second helicopter operated by Defendant violated the East Hampton Town Code by conducting careless, unsafe and negligent operations at the East Hampton Airport when it flew at an altitude of approximately 250 feet above ground level over residences, including Plaintiffs, near the East Hampton Airport.

20. As a result of the repeated unsafe, reckless, dangerous and negligent operations of its helicopters, the East Hampton Airport, pursuant to the East Hampton Town Airport Code, prohibited Defendant from using the East Hampton Airport for a period of 90 days.

21. Upon information and belief, the incidents noted above were far from the first instances that Defendant has operated its helicopters in an unsafe, reckless, dangerous and negligent manner – it is only the first time that East Hampton Airport has prohibited Defendant from using the Airport.

EXHIBIT A TO NOTICE OF REMOVAL
State Court Summons and Complaint

22. Defendant's repeated unsafe, reckless, dangerous and negligent operation of its helicopters has resulted in significant damages to Plaintiffs property.

23. Defendant's repeated unsafe, reckless, dangerous and negligent operation of its helicopters has resulted in injuries to Plaintiffs, including, but not limited to, hearing loss to Plaintiff F. Dalene.

24. Additionally, Plaintiffs have experienced anxiety, high blood pressure, sleep deprivation, PTSD and extreme fear as a result of Defendant's unsafe, reckless, dangerous and negligent operation of its helicopters.

25. Plaintiffs live in constant fear for their life, their families life and in fear of damage to their property as a result of the unsafe, reckless, dangerous and negligent operation of its helicopters.

26. As a result of the foregoing acts of negligence, Plaintiffs have been damaged in an amount to be determined, but believed to approximate at least $10,000,000.00

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (TRESPASS)

27. Plaintiffs repeats and realleges paragraphs numbered "1" through "26" as if more fully set forth herein.

28. Defendant's unsafe, reckless, dangerous and negligent operation of its helicopters has resulted in instances in which Defendant's helicopters have flown over Plaintiffs home at an elevation of less then 250 feet above ground level.

EXHIBIT A TO NOTICE OF REMOVAL
State Court Summons and Complaint

29. In addition to Defendant's operation of its helicopters at such a low altitude being a violation of East Hampton Airport Code, the operation of Defendant's helicopters over Plaintiff's home at such a low altitude violate Plaintiff's air rights.

30. Upon information and belief, Defendant's operation of its helicopters at a low altitude disturbed the foundation of Plaintiff's home and may have compromised the home's integrity.

31. Defendant's unsafe, reckless, dangerous and negligent low altitude operation of its helicopters over Plaintiff's home was without permission, as well as in violation of East Hampton Town Code.

32. The low altitude operation of Defendant's helicopters is an unlawful trespass upon Plaintiffs' property which must be forbidden and/or compensation provided to Plaintiff.

33. As a result of Defendant's trespass, Plaintiffs have been damaged in an amount to be determined but believed to approximate $10,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## (NUISANCE)

34. Plaintiff repeats and realleges paragraphs numbered "1" through "33" as if same were more fully set forth herein.

35. Defendant's negligence directly resulted in the erosion of the property that Plaintiffs' home is situated upon.

36. Upon information and belief, Defendant's conduct has damaged the integrity of Plaintiffs' home.

EXHIBIT A TO NOTICE OF REMOVAL
State Court Summons and Complaint

37. Defendant's actions have resulted in a diminution of value to Plaintiffs' home.

38. Defendant's actions have disrupted Plaintiffs' quiet enjoyment of its home.

39. Defendant's action constitute a nuisance.

40. By reason of the foregoing, Plaintiffs have been damaged by Defendant in an amount to be determined by believed to approximate at least $10,000,000.00.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. Pursuant to the First Cause of Action in the amount of $10,000,000.00 plus interest thereon against Defendant for negligence;

2. Pursuant to the Second Cause of Action in an amount to be determined but believed to approximate at least $10,000,000.00 plus interest thereon, against each Defendant for trespass;

3. Pursuant to the Third Cause of Action in an amount to be determined but believed to approximate at least $01,000,000.00 plus interest thereon, against each Defendant for nuisance;

4. That Plaintiff have the costs and disbursements of this action; and

5. That Plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Bridgehampton, New York
November 11, 2019

MENDELSON LAW FIRM PLLC

By: _____
Lee J. Mendelson
Attorneys for Plaintiffs
P.O. Box 2052
Aquebogue, New York 11931
(631) 296-8448

7

## VERIFICATION

STATE OF NEW YORK )
                  )ss. :
COUNTY OF SUFFOLK )

FRANK DALENE, being duly sworn deposes and says :

I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters not stated upon my own knowledge are as follows : books, records, papers, and documents.

_____
FRANK DALENE

Sworn to before me this
11th day of November 2019

_____
NOTARY PUBLIC

LEE J. MENDELSON
Notary Public, State of New York
No 02ME5021849
Qualified in Nassau County
Commission Expires December 27, 2021

EXHIBIT A TO NOTICE OF REMOVAL
State Court Summons and Complaint