UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK DALENE and GWEN DALENE, <br><br>       Plaintiffs, <br><br> -against- <br><br>ANALAR CORPORATION, <br><br>       Defendant. | Docket No. 19-CV-7035 (DRH)ARL) <br><br>CIVIL ACTION <br><br>**ANSWER TO COMPLAINT** |

  Defendant, ANALAR CORPORATION, by its undersigned attorneys, as and for its Answer to Plaintiffs' Complaint herein alleges, upon information and belief, as follows:

  1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "1" of the Complaint.

  2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "2" of the Complaint.

  3. Defendant admits the allegations asserted in Paragraph "3" of the Complaint.

  4. Defendant admits the allegations asserted in Paragraph "4" of the Complaint.

  5. Defendant denies knowledge or information sufficient form a belief as to the truth of the allegations asserted in Paragraph "5" of the Complaint.

  6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "6" of the Complaint.

  7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "7" of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "8" of the Complaint.

9. Defendant denies the allegations asserted in Paragraph "9" of the Complaint.

10. Defendant denies the allegations asserted in Paragraph "10" of the Complaint, except denies knowledge or information sufficient to form a belief as to alleged formation of special committees of concerned citizens.

11. Defendant denies knowledge or information sufficient form a belief as to the truth of the allegations asserted in Paragraph "11" of the Complaint, and respectfully refers all legal questions to the Court for determination.

12. Defendant denies the allegations asserted in Paragraph "12" of the Complaint.

13. Defendant denies the allegations asserted in Paragraph "13" of the Complaint.

14. Defendant denies the allegations asserted in Paragraph "14" of the Complaint.

## AS TO THE ALLEGED FIRST CAUSE OF ACTION - NEGLIGENCE

15. Defendant repeats, realleges and reiterates each and every denial in its responses to Paragraphs "1" through and including Paragraph "14" of the Complaint, as if more fully set forth at length herein.

16. Defendant denies the allegations asserted in Paragraph "16" of the Complaint.

17. Defendant denies the allegations asserted in Paragraph "17" of the Complaint.

18. Defendant denies the allegations asserted in Paragraph "18" of the Complaint.

19. Defendant denies the allegations asserted in Paragraph "19" of the Complaint, and respectfully refers all legal questions to the Court for determination.

20. Defendant denies the allegations asserted in Paragraph "20" of the Complaint, and respectfully refers all legal questions to the Court for determination.

21. Defendant denies the allegations asserted in Paragraph "21" of the Complaint.

22. Defendant denies the allegations asserted in Paragraph "22" of the Complaint.

23. Defendant denies the allegations asserted in Paragraph "23" of the Complaint.

24. Defendant denies knowledge or information sufficient form a belief as to the truth of the allegations asserted in Paragraph "24" of the Complaint, except denies that these alleged symptoms were the result of Defendant's alleged unsafe, reckless, dangerous or negligent operation of its helicopters.

25. Defendant denies knowledge or information sufficient form a belief as to the truth of the allegations asserted in Paragraph "25" of the Complaint, except denies that these alleged symptoms were the result of Defendant's unsafe, reckless, dangerous or negligent operation of its helicopters.

26. Defendant denies the allegations asserted in Paragraph "26" of the Complaint.

## AS TO THE ALLEGED SECOND CAUSE OF ACTION - TRESPASS

27. Defendant repeats, realleges and reiterates each and every denial in its responses to Paragraphs "1" through and including Paragraph "26" of the Complaint, as if more fully set forth at length herein.

28. Defendant denies the allegations asserted in Paragraph "28" of the Complaint.

29. Defendant denies the allegations asserted in Paragraph "29" of the Complaint.

30. Defendant denies the allegations asserted in Paragraph "30" of the Complaint.

31. Defendant denies the allegations asserted in Paragraph "31" of the Complaint.

32. Defendant denies the allegations asserted in Paragraph "32" of the Complaint.

33. Defendant denies the allegations asserted in Paragraph "33" of the Complaint.

## AS TO THE ALLEGED THIRD CAUSE OF ACTION - NUISANCE

34. Defendant repeats, realleges and reiterates each and every denial in its responses to Paragraphs "1" through and including Paragraph "33" of the Complaint, as if more fully set forth at length herein.

35. Defendant denies the allegations asserted in Paragraph "35" of the Complaint.

36. Defendant denies the allegations asserted in Paragraph "36" of the Complaint.

37. Defendant denies the allegations asserted in Paragraph "37" of the Complaint.

38. Defendant denies the allegations asserted in Paragraph "38" of the Complaint.

39. Defendant denies the allegations asserted in Paragraph "39" of the Complaint.

40. Defendant denies the allegations asserted in Paragraph "40" of the Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

If Plaintiffs sustained or suffered damages as alleged in the Complaint, which Defendant expressly denies, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom Defendant exercised no control or supervision, and not by reason of any negligent or culpable conduct of Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

If Plaintiffs sustained or suffered damages as alleged in the Complaint, which Defendant expressly denies, such damages were caused, in whole or in part, by the negligence and assumption of risk of Plaintiffs and/or others, and, to the extent of their culpability, Plaintiffs are barred from recovery or, alternatively, shall have her damages reduced in the proportion that Plaintiffs' or others' culpable conduct bears to all conduct causing or contributing to said damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Defendant upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel and laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise due care to mitigate the injury and/or damages allegedly sustained and therefore, any recovery or verdict against Defendant must be reduced thereby.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The negligent acts or omissions of individuals or entities other than this answering Defendant constituted intervening, superseding acts of negligence.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every purported claim for relief contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant in that full responsibility for the control of the instrumentality and/or location, harm, injuries and damages as alleged by Plaintiff passed to a third person or persons whose acts or omissions resulted in an intervening and superseding cause.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that this case falls within the limited liability provisions of section 1601 of the Civil Practice Law and Rules, and that its liability for non-economic loss, if any, shall be limited to its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The claims for relief asserted in Plaintiffs' Complaint, if any, are federally preempted, barred and/or limited by the Airline Deregulation Act, 49 U.S.C. § 41713(b).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The claims for relief asserted in Plaintiffs' Complaint, if any, are federally preempted, barred and/or limited by the Federal Aviation Act and its implementing regulations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The claims for relief asserted in Plaintiffs' Complaint, if any, are federally preempted by the Airport Improvement Program grant received by the Town of East Hampton.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring its alleged claims against Defendant and their Complaint must therefore be dismissed.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert against Plaintiffs, or any other subsequent defendants or third parties, any other claims or affirmative defenses that may develop during the course of the investigation, discovery, and litigation of this action.

WHEREFORE, Defendant ANALAR CORPORATION, demands Judgment dismissing Plaintiffs' Complaint in its entirety with prejudice, together with the costs and disbursements of this action, and for such other and further relief in favor of Defendant as the Court deems just and proper.

Dated: New York, New York
December 23, 2019

          Respectfully submitted,

          KMA ZUCKERT LLC

             */s/ Eugene Massamillo*
        By: _____
           Eugene Massamillo, Esq.
           Jennifer Huang, Esq.
           1350 Broadway, Suite 2410
           New York, New York 10018
           (212) 922-0450

           Attorneys for Defendant
           ANALAR CORP.

**VIA ECF**

Lee J. Mendelson, Esq.
MENDELSON LAW FIRM PLLC
P.O. Box 2052
Aquebogue, New York 11931
(631) 296-8448